IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-71,681-01






EX PARTE CHARLES ALEXANDER DEMPSEY, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 27061-A IN THE 3RD JUDICIAL DISTRICT COURT


FROM ANDERSON COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant entered an open plea of guilty to 
aggravated sexual assault of a child, and was sentenced to life imprisonment. 

 Applicant contends that his counsel rendered ineffective assistance because counsel failed
to consult with Applicant, failed to properly advise Applicant of the consequences of his plea, led
Applicant to believe that he would get probation, and failed to timely file a notice of appeal despite
Applicant's requests, thereby denying Applicant his right to appeal. Applicant also alleges that his
plea was not knowingly and voluntarily entered because of counsel's failure to advise him or include
him in the plea negotiation process.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall provide counsel with the opportunity to respond to Applicant's claim of ineffective assistance
of counsel on appeal. The trial court may use any means set out in Tex. Code Crim. Proc. art.
11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall first supplement the record with copies of the plea papers, including the
admonishments, waivers, and stipulations. The trial court shall then make findings of fact as to
whether Applicant was properly advised as to the nature of the charges, the applicable punishment
range, the rights he was waiving, and the consequences of his plea. The trial court shall also make
findings as to whether trial counsel consulted with Applicant during the plea process, and as to
whether counsel advised Applicant that he would receive probation if he entered an open plea to the
court. The trial court shall make findings as to whether Applicant was denied his right to a
meaningful appeal because Applicant's counsel failed to timely file a notice of appeal. The trial
court shall also make any other findings of fact and conclusions of law that it deems relevant and
appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed: March 25, 2009

Do not publish